UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRIAN REID,

    Plaintiff,

v.                                            CAUSE NO. 3:20-CV-874-DRL-MGG

PAM JAMES *et al.*,

    Defendants.

OPINION & ORDER

Brian Reid, a prisoner without a lawyer, filed this lawsuit alleging the defendants retaliated against him for filing *Reid v. Payne*, 3:19-cv-1164 (N.D. Ind. filed December 13, 2019). "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Reid alleges that after case 3:19-cv-1164 was dismissed by this court as frivolous, he was charged with violating Indiana Department of Correction Rule B-243: Filing Frivolous Claim. He alleges it was retaliation for his having filed the lawsuit. "To prevail on his First Amendment retaliation claim, [the plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that

would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted).

Here, Mr. Reid was not engaged in protected First Amendment activity. Though he had a right to access the court, he did not have the right to abuse the judicial process by filing a frivolous claim. "Depriving someone of a frivolous claim, on the other hand, deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions." *Lewis v. Casey*, 518 U.S. 343, 353 n.3 (1996)

"Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 184 (1989) (*quoting In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). "Abuses of process . . . are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). *See also Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). When litigants abuse the judicial process by filing meritless or frivolous lawsuits, their future litigation can be curtailed or restricted. *See* 28 U.S.C. § 1915(g); *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). So too, prison officials can sanction an inmate for filing frivolous claims. *See Douglas v. Finnan*, 342 F. Appx. 198 (7th Cir. 2009).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("courts have broad discretion to deny

leave to amend where . . . the amendment would be futile"). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

October 21, 2020                                *s/ Damon R. Leichty*
                                                                  Judge, United States District Court